BACHMAN v. HARRINGTON. (Supreme Court, Appellate Division, Fourth Department. December 6, 1905.) Action by Max Bachman against Charles H. Harrington. No opinion. Motion for leave to appeal to Court of Appeals granted, and questions to be reviewed certified.

---

BALL v. BALL. (Supreme Court, Appellate Division, Second Department. January 26, 1906.) Action by Mary C. Ball against Flexman E. Ball. No opinion. Motion to open default denied.

---

BANKERS' SURETY CO. v. ROTHSCHILD et al. (Supreme Court, Appellate Division, First Department. February 9, 1906.) Appeal from Special Term, New York County. Action by the Bankers' Surety Company against David Rothschild and others. From an order denying a motion to strike out certain allegations of the complaint as irrelevant and to make the complaint more definite and certain, defendant Isaac Frank appeals. Reversed. Carlisle J. Gleason, for appellant. Henry White, for respondent.

INGRAHAM, J. The learned judge at Special Term, recognizing the extraordinary character of this action, came to the conclusion that while he would be inclined in an action at law to apply the strict rules of pleading, in an equity case of the extraordinary character of the case here presented, in view of the inherent difficulties necessarily involved in the presentation of the case, he deemed it a better and safer practice to remit the consideration of the questions presented upon the motion then before him to the deliberate action of the trial justice, before whom all the facts would be unfolded. I am inclined to think that he was right in so far as this applies to the allegations of the complaint, which relate to the relations between the various defendants, and which bore upon the scheme adopted by them, resulting in the wrongs for which the plaintiff seeks to hold these defendants liable; but, giving the plaintiff the full benefit of this conclusion, there are certain allegations of this complaint that can have no possible bearing upon the combination between these defendants, or, if they have any relation at all, it would be an allegation of evidence to prove the general allegations of a conspiracy or combination between the defendants. Thus the eighth paragraph of the complaint, alleging the organization of the Globe Security Company and the Equitable National Bank, seems to be of no possible relevancy. The twelfth paragraph seems to be also irrelevant. At most, the facts alleged might be proved as tending to establish the relations that existed between Rothschild and the appellant, Frank, but are entirely out of place in a complaint. The same applies to paragraphs 13, 15, 16, 17, 18, 19, and 20. Paragraph 38 is also irrelevant. Paragraphs 39, 42, and 43, while irregular in form, contain some allegations of fact which may be relevant. I think it is improper to allege in a pleading the fact that Rothschild kept a ledger account of transactions with Frank in a small book, which he designated as his private ledger, and what Frank did as a witness before a referee in another action and his testimony as to these books. While it is possible that some of these facts might be competent evidence upon the trial, they are improper in a pleading. My conclusion is that the order appealed from should be reversed, with $10 costs and disbursements of this appeal, and the motion granted, to the extent of striking out paragraphs 8, 12, 13, 15, 16, 17, 18, 19, 20, 38, 39, 42, and 43, with $10 costs; the plaintiff to have leave to serve an amended complaint.

---

In re BARNES. (Supreme Court, Appellate Division, Second Department. December 8, 1905.) In the matter of the application of T. George Barnes to compel the delivery of books, papers, etc. No opinion. Motion for stay of proceedings denied.

---

BARNES et al., Respondents, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 29, 1905.) Action by William S. Barnes and others against the Long Island Railroad Company. No opinion. Appeal withdrawn.

---

BARNETT, et al., Respondents, v. J. B. SPARROW THEATRICAL & AMUSEMENT CO., Limited, Appellant. (Supreme Court, Appellate Division, Second Department. January 26, 1906.) Action by Samuel Barnett and Florence Barnett against the J. B. Sparrow Theatrical & Amusement Company, Limited. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

BARRETT CHEMICAL CO., Appellant, v. STERN, Respondent. (Supreme Court, Appellate Division, First Department. January 19, 1906.) Action by the Barrett Chemical Company against Julius Stern. A. W. Barber, for appellant. A. Furber, for respondent. No opinion. Judgment affirmed, with costs.

---

BARSON et al., Respondents, v. MULLIGAN et al., Appellants. (Supreme Court, Appellate Division, First Department. January 19, 1906.) Action by William G. Barson and another against Agnes K. M. Mulligan and another. C. W. Dayton, for appellants. H. A. Forster, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

---

BASSO, Respondent, v. PRESS PUB. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 26, 1906.) Action by Rosa Basso, an infant, against the Press Publishing Company. J. C. Robinson, for appellant. G. R. Hawes, for respondent. No opinion. Judgment and order affirmed, with costs.

---

BAUCHELLE v. ROTHSCHILD. (Supreme Court, Appellate Division, First Department. December 8, 1905.) Action by William M. Bauchelle against Jacob Rothschild. No opinion. Motion denied, with $10 costs.

---

BEAN, Appellant, v. NEW YORK EDISON CO., Respondent. (Supreme Court, Appellate Division, First Department. December 30,